## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————     )
**UNITED STATES of AMERICA,**           )
                                        )
         **v.**                   )        **Criminal No.**
                                        )        **06-40042-FDS**
**JULIO AGRON,**                        )
                                        )
       **Defendant.**                 )
———————————————————————     )


## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTIONS TO REDUCE AND CORRECT SENTENCE

**SAYLOR, J.**

In 2008, Julio Agron was convicted of conspiracy to distribute cocaine and possession of cocaine with intent to distribute. He was acquitted of possession of a firearm in furtherance of a drug-trafficking offense. The Court sentenced him to a 168-month term of imprisonment, a downward variance from the applicable guideline sentencing range of 210 to 262 months.

Pursuant to 18 U.S.C. § 3582(c)(2), Agron has now moved to reduce his sentence based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission. He has also moved to have his sentence corrected pursuant to Fed. R. Crim. P. 36, contending that because a jury acquitted him of the firearm charge, the Court erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with a drug offense.

For the reasons set forth below, the motions to reduce and correct his sentence will be denied.

I.      **Background**

       A.      **Factual and Procedural Background**

On November 13, 2006, the government filed a criminal complaint charging Agron and two co-defendants with violations of 21 U.S.C. §§ 841 and 846.  On November 29, 2006, Agron was indicted for (1) conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, (2) possession of more than five kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a), and (3) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c).  On April 30, 2008, a jury returned a verdict of guilty on the two drug charges and not guilty on the firearm charge.

On July 28, 2008, Agron filed a notice of appeal.  The only argument he raised on appeal was this Court's denial of his motion to suppress the DEA audio recording that captured the controlled cocaine transaction in a Leominster, Massachusetts motel room.  On January 29, 2010, the First Circuit affirmed the conviction.  *See United States v. Larios*, 593 F.3d 82 (1st Cir. 2010).  On May 25, 2010, Agron filed a petition for a writ of certiorari with the Supreme Court, which was denied on June 28, 2010.  On February 18, 2011, Agron filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, contending that his right to a speedy trial was violated by the Court's exclusion of time.  The Court denied his § 2255 petition on June 19, 2012.

On December 4, 2014, Agron filed a letter with the Court indicating his intent to file a motion to modify his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  On February 26, 2015, the Court appointed counsel for Agron to represent him in pursuing the sentence reduction.  On March 4, 2015, Agron filed a *pro se*

motion to modify his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782. With that motion, Agron submitted documents demonstrating the educational and occupational progress that he has made during his incarceration, as well as a letter to the Court.  On August 15, 2015, the government filed a status report, contending that Agron was "ineligible for a reduction in his sentence because he previously received a sentence at the bottom of [his] now-amended [guideline sentencing range]."  (Docket No. 210 at 2).  After Agron was granted three motions for extensions of time, his counsel filed a status report on October 16, 2015, contending that he was eligible for a reduction pursuant to § 3582(c)(2) and Amendment 782.

On November 3, 2015, Agron filed a *pro se* motion to correct his sentence pursuant to Fed. R. Crim. P. 36, contending that the Court erred in applying a two-level enhancement for possession of a firearm in connection with the drug offenses under U.S.S.G. § 2D1.1(b)(1) because he was acquitted by a jury of the charged firearm offense.

### B.      Agron's Sentencing Hearing

Agron was sentenced on July 23, 2008.  The Court began the hearing by addressing the parties' objections to the pre-sentence report.  Agron raised only one substantive objection, arguing essentially that because the jury acquitted him of possessing a firearm in furtherance of a drug-trafficking offense under 18 U.S.C. § 924(c), the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with a drug offense was not applicable.

After hearing argument from the parties, the Court concluded that the enhancement was proper based on the preponderance of the evidence introduced during Agron's trial.  The evidence at trial demonstrated that Agron, after carrying a duffel bag holding seven kilograms of cocaine into a motel room where undercover DEA agents had arranged a controlled buy with his

two co-defendants, returned to the parking lot to act as a lookout. *Larios*, 593 F.3d at 86. While

acting as a lookout, Agron was arrested in the motel parking lot, and a search incident to his

arrest uncovered a loaded nine-millimeter handgun in the waistband of his pants. *Id.* Citing

Application Note 3 to U.S.S.G. § 2D1.1, the Court stated that the enhancement should be applied

if, by a preponderance of the evidence, a firearm was "present" during the underlying offense,

unless it was "clearly improbable" that the weapon was connected with the drug crimes.[1] In

contrast, the Court noted, for the jury to convict Agron under 18 U.S.C. § 924(c), it had to

conclude *beyond a reasonable doubt* that Agron used or carried the firearm in *furtherance* of the

drug offense.[2]

     After addressing Agron's objection to the two-level enhancement under § 2D1.1(b)(1),

the Court turned to the guideline calculation:

> The base offense level is 32, based on seven-plus kilograms of cocaine, with
> specific offense characteristics of the two-level enhancement that we just
> discussed for a final adjusted offense level of 34. His criminal history score is
> seven. His criminal history category is roman numeral IV. That produces a
> guideline range of 210 to 262 months . . . . Is there any correction or addition to
> the guideline calculation not already [raised]?

(Docket No. 174 at 9). Neither the government nor Agron objected to the guideline calculation.

(*Id.*).

     After stating the applicable guideline range but before hearing argument, the Court raised

an issue that had not yet been addressed by the parties:

---

[1] The Court contrasted the facts of Agron's conduct—possessing a loaded handgun while acting as a lookout for a cocaine transaction—with the hypothetical provided in Application Note 3 of the Sentencing Guidelines that would satisfy the "clearly improbable" standard—a defendant being arrested at his residence with an unloaded hunting rifle in the closet.

[2] Nonetheless, during the sentencing hearing the Court expressed "some discomfort" in "making a factual finding at sentencing that appears to have been rejected by the jury." (Docket No. 174 at 8).

> [P]ursuant to [Fed. R. Crim. P. 32(h),] [l]et me flag something that was not raised by the parties, but has caused me some concern, and that is whether the criminal history category overstates the seriousness of the defendant's criminal history. I'm not making any finding in that regard just as yet, but it is something that concerns me, as to which the government has not had notice; so, I am giving the notice . . . .
>
> And my concern, frankly, is—and I'll put it in blunt terms—the defendant is in a category Roman numeral IV, based upon some alcohol and driving offenses and related conduct, which [I] don't mean to suggest is not serious, but it puts him in a very high category, and that, combined with the drug weight and combined with the gun, gives us a sentencing range [where] the low end of the range is 17-and-a-half years, which strikes me as being quite high, and I also note under . . . there is an enhancement or a two-level addition based on the fact that he received a sentence of 60 days or more [for an OUI offense]; and if the sentence had been 59 days, he wouldn't have received that one level, and he would have gone down to a roman numeral III.

(Docket No. 174 at 9-10).

The government, waiving a continuance after receiving notice of the Court's concern, recommended a prison sentence of 210 months, the bottom of the guideline range. The government contended that Agron's criminal history category did not overstate the seriousness of his prior criminal conduct, and it also noted that he was the only one of the three defendants who possessed a firearm during the controlled cocaine transaction.[3] Counsel for Agron requested a ten-year sentence, arguing that he was less culpable than his co-defendants and that his prior criminal conduct was not serious.

The Court imposed a non-guideline 168-month prison sentence. As justification for sentencing Agron 42 months below the low end of the applicable guideline range of 210 to 262 months, the Court reiterated its concern about his criminal history score and also noted the sentencing disparity between Agron and his co-defendants. Nonetheless, the Court concluded

---

[3] Agron's co-defendants pleaded guilty and received prison sentences of ten years.

5

that Agron's possession of the loaded firearm and his criminal history warranted additional punishment compared to his co-defendants.

Near the end of the hearing, the Court stated its formal reasons for the sentence:

> In terms of the formal reasons for the sentence, as I indicated, it is a non-guideline sentence for the reasons I have stated, focusing principally on the criminal history category and the risk of disparity of the sentences received by his co-defendants and their involvement in the crime, their more substantial involvement in the crime.

(Docket No. 174 at 32). The judgment filed after the hearing clearly stated that Agron's total offense level was 34, his criminal history category was IV, and his guideline range was 210 to 262 months. (Docket No. 162 at 7). It also clearly stated that Agron's 168-month sentence was below the applicable advisory guideline range. (*Id.* at 9-10).

## II.     Analysis

Agron contends that he is eligible for a sentence reduction for two reasons.[4] First, he contends that he is eligible for a two-level reduction in accordance with 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782, which reduced the offense level for certain drug quantities. Second, he contends that his sentence should be reduced because the Court erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.

Agron's efforts in prison, including learning English, completing classes, and becoming a highly skilled HVAC technician, are certainly laudable and worthy of note. However, he is not eligible for a sentence reduction for the following reasons.

---

[4] Agron's two *pro se* motions are formally titled as a "motion to reduce sentence pursuant to Amendment 782" (Docket No. 202) and a "motion to correct clerical error" (Docket No. 214). The Court will treat Docket No. 202 as incorporating the arguments made by Agron's court-appointed counsel in the "status report" (Docket No. 213) filed on his behalf.

A.    **U.S.S.G. Amendment 782**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).  A "district court's power under § 3582(c)(2) to reduce the prison term of a defendant who was sentenced based on a guideline range that has subsequently been lowered by the United States Sentencing Commission constitutes one such 'exception to the general rule of finality' governing such sentences."  *United States v. Zayas-Ortiz*, 808 F.3d 520, 523 (1st Cir. 2015) (quoting *Dillon*, 560 U.S. at 824); *see also United States v. Alvira-Sanchez*, 804 F.3d 488, 495 (1st Cir. 2015) ("If a defendant is sentenced to a prison term based on a sentencing range that the Sentencing Commission later lowers, a district court may reduce the defendant's sentence if such a reduction is consistent with the Commission's policy statements." (citing 18 U.S.C. § 3582(c)(2)).

"District courts proceeding under § 3582(c)(2) follow a two-step approach." *Zayas-Ortiz*, 808 F.3d at 523.  "First, the court determines the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* (internal quotation marks omitted).[5] "Second, the court considers any applicable § 3553(a) factors and determines whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks and alterations omitted).  Accordingly, "even where the first step has been met, and the defendant has been determined eligible to seek a § 3582(c) reduction, the district judge may conclude that a reduction would be inappropriate." *Id.* (internal

---

[5] "At this stage, the court considers whether it has the legal authority to grant the reduction requested; thus, its conclusions of law are reviewed *de novo*, and its factual findings, for clear error." *Id.* (internal quotation marks omitted).

quotation marks omitted); *see also United States v. Whiting*, 2016 WL 634058, at *1 (D. Mass. Feb. 17, 2016) (Saris, C.J.).

U.S.S.G. Amendment 782, effective November 1, 2014, "reduced by two levels the offense levels associated with certain drug quantities." *Alvira-Sanchez*, 804 F.3d at 496. "The Sentencing Commission expressly made Amendment 782 retroactive, effective as of November 1, 2015." *United States v. Alejandro-Montanez*, 778 F.3d 352, 362 (1st Cir. 2015); *see also United States v. Vaughn*, 806 F.3d 640, 643 (1st Cir. 2015) ("Amendment 788 amended U.S.S.G. § 1B1.10 to authorize district courts to apply Amendment 782 retroactively, provided that 'the effective date of the court's order is November 1, 2015, or later.'" (quoting U.S.S.G. § 1B1.10(e)(1))).

The parties do not dispute that Amendment 782 applies generally to the particular kind of drug (cocaine) and weight (seven kilograms) that Agron's convictions reflect. However, they dispute whether Agron is eligible for a sentence modification under Amendment 782. The government contends that the "Court cannot reduce a sentence to a term less than the [now]-amended [guideline sentencing range], whether or not the original sentence included a downward departure or variance," unless the defendant received a substantial-assistance departure. (Docket No. 210 at 3). Agron contends that the Court did not impose a below-guideline sentence, but instead altered his criminal history category to II, and then sentenced him at the low end of the 168 to 210 month guideline range for a defendant with a criminal history category of II and an offense level of 34.

Agron is not eligible for a sentence reduction under § 3582(c)(2) because he was sentenced at the very bottom of the now-amended guideline range under Amendment 782.  Some explanation as to why his motion will be denied is warranted.[6]

Beginning with the first of the two steps district courts are required to follow under § 3582(c)(2), "[u]nder U.S.S.G. § 1B1.10(b)(1), the court must first determine the amended guideline range that would have applied to the defendant if the guideline amendments specified in the policy statement . . . were in effect at the time of the defendant's initial sentencing." *United States v. Hogan*, 722 F.3d 55, 59 (1st Cir. 2013).  "In doing so, the court may substitute only the amended guideline and must leave all other guideline application decisions unaffected." *Id.* (internal quotation marks omitted).  "Once a court determines the amended guideline range, it must look to § 1B1.10(b)(2) to see whether and to what extent it can reduce the defendant's sentence." *Id.*  Under § 1B1.10(b)(2)(A)-(B), unless the defendant received a below-guideline sentence due to substantial assistance to the government, "the court shall *not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . .*"  (emphasis added).

Here, under Amendment 782, Agron's total offense level would be reduced from 34 to 32, and his criminal history category would remain IV.  That produces an amended guideline range of 168 to 210 months.  Agron was sentenced to 168 months of incarceration.  The analysis must stop there because under § 1B1.10(b)(2), the Court cannot reduce Agron's sentence to a term below the minimum of the amended guideline range.  *See Hogan*, 722 F.3d at 62 ("Our analysis starts and ends with the plain and unambiguous language of § 1B1.10(b)(2)(A) and (B).

---

[6] *See Vaughn*, 806 F.3d at 643 n.2 (Lynch, C.J.) ("We encourage the district courts to give some explanation for [§ 3582] orders, so as to avoid questions about the grounds on which they are based.").

Pursuant to § 1B1.10(b)(2)(A), a court cannot reduce a defendant's sentence under '18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1).'" (quoting U.S.S.G. § 1B1.10(b)(2)(A))).[7] "Every circuit court to have addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government." *Id.*

In short, the bottom of Agron's amended guideline range under Amendment 782 is 168 months.  The Court imposed a sentence of 168 months.  Because the Court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," it cannot reduce his sentence below 168 months, and Agron is not eligible for a reduction pursuant to § 3582(c)(2).

Agron's argument that the Court actually found his criminal history category to be II, and that he was sentenced at the top of the now-amended guideline range, is unavailing.  The sentencing transcript plainly demonstrates that the Court concluded "[t]he base offense level is 32 . . . [with] a two-level enhancement . . . for a final adjusted offense level of 34.  His criminal history score is seven.  His criminal history category is roman numeral IV.  That produces a guideline range of 210 to 262 months . . . ."  (Docket No. 174 at 8-9).  The Court repeatedly stated that it was imposing a sentence *below* the guideline range, due in part to a substantive

---

[7] As noted, the only exception to that rule is found in § 1B1.10(b)(2)(B), under which reductions "comparably less than the amended guidelines range" are permitted in cases where the original term of imprisonment was below the applicable guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  *See Hogan*, 722 F.3d at 62.  Agron was convicted at trial, and did not receive the benefit of a substantial-assistance motion from the government.

criminal history that was not as serious as his criminal history category suggested.  However, the

Court did not *change* Agron's criminal history category under the Sentencing Guidelines.

### B.    <u>Two-Level Enhancement under U.S.S.G. § 2D1.1(b)(1)</u>

The premise of Agron's second motion is that the Court erred in applying the two-level

enhancement for possession of a firearm in connection with his drug convictions under U.S.S.G.

§ 2D1.1(b)(1) because the jury acquitted him of possessing a firearm in furtherance of a drug-

trafficking offense under 18 U.S.C. § 924(c).

The evidence at trial demonstrate that Agron, after carrying a duffel bag containing seven

kilograms of cocaine into the motel room where DEA agents planned the controlled buy,

returned to a car in the motel parking to act as a lookout for his co-conspirators, who remained

inside the room to complete the deal with an undercover agent.  *Larios*, 593 F.3d at 86.  Agron

was arrested in the parking lot with a loaded nine-millimeter handgun stuffed in the back

waistband of his pants.  *Id.*  The jury ostensibly concluded that the government did not prove

beyond a reasonable doubt that Agron possessed the firearm in furtherance of the drug offense

under 18 U.S.C. § 924(c).  However, the preponderance of the evidence more than supports the

conclusion that the firearm was "present" during the commission of the drug offense, and it is

not "clearly improbable that the weapon was connected with the offense."  *See* U.S.S.G. § 2D1.1

Application Note 3.

Furthermore, the First Circuit has recently and definitively rejected the crux of Agron's

argument.  In *United States v. Alejandro-Montanez*, the court explained:

> [The three] [d]efendants were each subject to a two-level enhancement under
> United States Sentencing Guidelines section 2D1.1(b)(1) for the foreseeable
> presence of a firearm during the drug offense.  "That guideline applies if a
> dangerous weapon was possessed during the course of a drug-trafficking offense,

provided that the presence of the weapon was known to, or reasonably foreseeable to, the defendant." *United States v. Fermin*, 771 F.3d 71, 82 (1st Cir. 2014) (citing *United States v. Quiñones-Medina*, 553 F.3d 19, 23 (1st Cir. 2009)). [The first two defendants] were acquitted of a firearm charge, but were still subject to the two-level enhancement. [The third defendant] was not charged with the firearm violation, but was also ultimately subject to the enhancement. Defendants acknowledge the state of the law on this issue, but seek to preserve their claim for Supreme Court review. We review the district court's Sentencing Guidelines interpretation *de novo* and its factual findings for clear error. *United States v. Ortiz-Torres*, 449 F.3d 61, 77 (1st Cir. 2006).

As the law now plainly stands, "acquitted conduct, if proved by a preponderance of the evidence, . . . may form the basis for a sentencing enhancement." *United States v. Gobbi*, 471 F.3d 302, 314 (1st Cir. 2006). The district court's factual findings were not clearly erroneous. [The first two defendants] brought a vehicle to the pier that had three weapons hidden in a secret compartment. [One of them] was arrested with a firearm on his person. [The third defendant] similarly was with these other men throughout planning meetings, on the night of the drug deal, and was hired in part to provide additional security. With this record, the district court did not clearly err in finding that [the third defendant] also foresaw that a firearm would be present in the course of the offense.

778 F.3d 352, 361-62 (1st Cir. 2015). Of course, it remains settled law that any fact leading to the imposition of a mandatory minimum sentence or a penalty beyond the statutorily prescribed maximum sentence must be found by a jury beyond a reasonable doubt. *See Alleyne v. United States*, ⸺ U.S. ⸺, 133 S. Ct. 2151, 2155 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Here, based on the preponderance of the evidence, Agron possessed the firearm in connection with the drug-trafficking offenses. Accordingly, the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) was properly applied, and Agron's motion to correct his sentence under Fed. R. Crim. P. 36 will be denied.

### III.    <u>Conclusion</u>

For the foregoing reasons, defendant's motions to reduce and correct his sentence

(Docket Nos. 202, 214) are DENIED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  May 31, 2016